UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NICHOLAS B.                              :
                                         :
v.                                       :        C.A. No. 23-00110-JJM
                                         :
MARTIN O'MALLEY, Commissioner of         :
Social Security                          :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 54(d)(2)(D) and 72(b)) is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (ECF No. 17).  Plaintiff seeks an award of $4,077.12 in fees for successful prosecution of this Social Security disability benefits appeal.  Id. The Commissioner objects, arguing that fees should be denied because the supporting timesheet in this case (and several others) is suspect and seemingly a reconstruction or copy, not actually based on contemporaneous attorney time records.  (ECF No. 20).

This dispute is on nearly identical footing to the fee dispute recently considered by the Court in Eduardo V. v. O'Malley, No. 23-011 WES, 2024 WL 726213 (D.R.I. Feb. 21, 2024).  In Eduardo V., Magistrate Judge Sullivan conducted a thoughtful, thorough, and historical review of the instant fee dispute and concluded that fees should be denied to Plaintiff.  She held that "(1) Plaintiff ha[d] not sustained his burden of presenting the Court with a timesheet that adequately meets the statutory requirement in § 2412(d)(1)(B) (timesheet must 'stat[e] the actual time expended'); and (2) the Commissioner has established special circumstances arising from

[counsel]'s unreliable timesheets submitted during the period in question that make an award in this case unjust, § 2412(d)(1)(A)." Id. at *7.

This is an unfortunate situation. Plaintiff is a prevailing party eligible for EAJA fees, and the fee amount requested is not unreasonable ("modest" in the words of Plaintiff's counsel). (ECF No. 22 at p. 1). The disconnect was in the execution and plainly avoidable, and, regardless of whether it was intentional or inadvertent, the timesheet presented here is not a reliable indicator of actual attorney time expended. Thus, Plaintiff has not satisfied the statutory requirements under EAJA for a fee award, and I recommend denial of the instant Motion. I do so for the reasons (both legal and factual) thoroughly and accurately laid out in Magistrate Judge Sullivan's Eduardo V. Report and Recommendation, and I fully incorporate her findings and rationale herein.

In fact, the case for denial is stronger in this case for the following reason: The primary difference between this case and Eduardo V. is that this case was fully briefed and litigated while Eduardo V. was a consent remand disposition. Accordingly, this case included a Reply Brief (ECF No. 13). Plaintiff's timesheet attributes three hours of attorney time to reviewing the Commissioner's Brief and preparing the Reply Brief. (ECF No. 17-2). Plaintiff's counsel submitted a timesheet in the Danny P. case (22-cv-409-JJM) seeking the exact same three hours of work for the Reply Brief in that case (as well as identical time entries for other administrative tasks related to the Reply Brief). (Compare ECF No. 17-2 with ECF No. 17-2 in C.A. No. 22-cv-409-JJM). While it is possible that two reply briefs could require the exact same time expended, it is highly suspect here, given the history detailed in Eduardo V. as well as the striking differences between the respective Reply Briefs in this case and Danny P. in terms of length, substance, and number of issues addressed.

Based on the foregoing, I recommend that Plaintiff's Motion for Attorney Fees Pursuant to EAJA (ECF No. 17) be DENIED.

Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 1, 2024